SUMMONS, in dower. Plea, that the land was sold on a judgment against the husband, which was a lien thereon at the time of the marriage. Replication and issue.
It was admitted that Samuel Ingram was seized of an estate of inheritance in the premises at the time of the marriage. The judgment upon which the land was sold bore date on the same day of the marriage, and there was no evidence which, in point of time, preceded the other. Yet the title of the widow of Samuel Ingram to dower depended on this question; for if the judgment was a subsisting judgment at the time of the marriage, the sale of the land which was afterwards made in execution of that judgment discharged the land of dower; if the marriage took place before the judgment was entered, the wife's right to dower attached and could not be divested by a judgment subsequently entered.
Ridgely, for the claimant, argued that the claim of dower was a favored claim; and, in the absence of evidence, the jury would imply in favor of dower. He showed that the judgment was entered on a bond, dated many months before, and argued that the delay of entering the judgment should be considered to the prejudice of the party claiming under it; that the burthen of proof was on the defendant, who pleaded an affirmative plea in derogation of this favored right. (Jenkins'Rep. 274; Parke on Dower 2.)
Wootten, contra, argued from the fact of the entry of judgment on the day of the marriage, that the inference should be made that it was entered before the marriage, for the very purpose of binding the land so as to prevent the right of dower; that the common usage of the country was, for marriage to take place in the evening, after the usual hour of doing business in the public offices; and that if the marriage and entry of judgment were at the same moment the wife would not be dowable, for his seizin otherwise than as Subject to dower, would be only momentary. And such a seizin gives no right to dower. (1Johns. Dig. 518; 15 Johns. Rep. 458.)
 The jury rendered a verdict for the demandant.